IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Suzanne Demarest,<br><br>   Plaintiff,<br><br>v.<br><br>Horry County Police Department,<br><br>   Defendant. | Case No.: 4:18-cv-03010-SAL<br><br><br>**ORDER** |

  This matter is before the Court for review of the June 24, 2020 Report and Recommendation ("Report) issued by United States Magistrate Judge Thomas E. Rogers, III in accordance with 28 U.S.C. 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). In the Report, the Magistrate Judge recommends that Defendant's Motion for Summary Judgment, ECF No. 24, be granted. Plaintiff timely objected to the Report, ECF No. 39, and Defendant replied. ECF No. 40. This matter is accordingly ripe for the Court's consideration.

**I. Background**

  Plaintiff Suzanne Demarest, a former employee of Defendant Horry County Police Department, brings this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), *et seq*. She alleges that she was subject to discrimination, retaliation, and a hostile work environment while employed with the Horry County Police Department. After a review of the record and in the interest of brevity, the Court incorporates the factual history of this case as set forth in the Magistrate Judge's Report. ECF No. 38 at 1-5.

**II. Legal Standard**

  The Magistrate Judge makes only a recommendation to this Court. The recommendation

1

has no presumptive weight, and the responsibility to make a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the Court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). In the absence of objections, the Court is not required to provide an explanation for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

## III.    Discussion

Plaintiff does not offer any specific objections to the Report; rather, she reiterates those arguments previously considered by the Magistrate Judge. The Court therefore declines to engage in de novo review of the Report.

Under Rule 72 of the Federal Ruled of Civil Procedure, a party wishing to object must do so with specificity. Fed. R. Civ. P. 72(b)(2) (requiring "specific written objections"). Only portions of a magistrate judge's report and recommendation that have been properly objected to demand de novo review. Fed. R. Civ. P. 72(b)(3). Vague, general, or conclusory objections not directed toward any particular portion of a magistrate judge's findings or reasoning defeat the purpose of initial screening, and presented with such objections, a court will review a report and recommendation for clear error. *See, e.g.*, *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *Ruff v. United States*, No. 1:17-cv-148, 2018 WL 2981167, at *1 (N.D.W. Va. June 14, 2018). Likewise, merely reiterating the same arguments presented to a magistrate judge does not constitute a specific objection warranting de novo review. *Durkee v. C.H. Robinson Worldwide, Inc.*, 765 F. Supp. 2d 742, 747 (W.D.N.C. 2011), *aff'd sub nom. Durkee v. Geologic Sols., Inc.*,

502 F. App'x 326 (4th Cir. 2013). A litigant cannot obtain de novo review by "merely reformatting an earlier brief as an objection." *Veney v. Astrue*, 539 F. Supp. 2d 841, 846 (W.D. Va. 2008).

Here, Plaintiff reiterates in conclusory fashion the arguments presented to the Magistrate Judge. To be sure, Plaintiff's objections contain numerous portions of text copied directly from the response in opposition to summary judgment. *Compare* ECF No. 31 (response), *with* ECF No. 39 (objections). A review of these two documents reveals that Plaintiff has impermissibly reformatted an earlier brief as an objection. Plaintiff failed to object with specificity, waiving de novo review of the Report. Finding no clear error in the Report, the Court adopts it in whole, and grants Defendants' Motion for Summary Judgment.

**IV.     Conclusion**

After a thorough review of the Report, the record, and the applicable law, the Court finds no clear error in the report, and the Report is adopted and incorporated herein. Accordingly, the Court GRANTS Defendant's Motion for Summary Judgment, ECF No. 24, in its entirety.

IT IS SO ORDERED.

/s/Sherri A. Lydon
United States District Judge

August 5, 2020
Florence, South Carolina

3